# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| RYAN FERGUSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:14-cv-04062-NKL |
| JOHN SHORT, et al., | ) ) ) |
| Defendants. | ) ) ) |

## ORDER

The Eighth Circuit has requested this Court to clarify its order [Doc 272] denying in part Defendants' motion for summary judgment [Doc. 201]. Specifically, the Court is to state whether qualified immunity should or should not be granted. The Eighth Circuit instructed:

> [T]he district court of course can decide as a preliminary matter whether the detectives discussed the issue of qualified immunity in sufficient detail and with sufficient citations to undisputed record evidence to enable the district court to rule on the matter. . . . If it determines that the detectives did so, the district court can then enter an explicit order and judgment on the matter one way or the other.

The Court now explicitly rules that Defendants are not entitled to qualified immunity on Counts II – V and VII. Count I is not on appeal because the Motion for Summary Judgment was granted in Defendants' favor on Count I.

1

**I. Background[1]**

This case arose out of the 2001 murder of Kent Heitholt, a sports editor for the Columbia Daily Tribune. In 2004, Plaintiff Ryan Ferguson was convicted of the murder and sentenced to forty years in prison. His friend, Charles Erickson, testified against Ferguson after pleading guilty himself for participating in the Heitholt murder. Charles Erickson's remains in jail and his guilty plea has not been set aside, however, he has recanted the testimony he gave implicating Ryan Ferguson in the Heitholt murder. During the investigation there were also statements from Dallas Mallory, Megan Arthur and Richard Walker. Mallory and Arthur have now recanted or challenged some or all of their previous statements.

Many years after Ferguson's conviction and incarceration, the Missouri Court of Appeals vacated Ferguson's sentence due to a *Brady* violation. Subsequently, Ferguson filed this lawsuit alleging that Defendant Officers John Short, Jeff Nichols, Jeff Westbrook, Bryan Liebhart, Latisha Stroer, and Lloyd Simons violated his constitutional rights in investigating and prosecuting him for the Heitholt murder.

**II. Discussion**

Defendants' Motion for Summary Judgment [Doc. 201] and their Suggestions in Support [Doc. 202] request qualified immunity on all counts. This is demonstrated by Subpart V,A of their Suggestions, which explicitly lists the legal argument being raised by Defendants. [Doc. 202, p. 116]. The only legal argument identified is "Qualified

---

[1] The Court incorporates by reference the Undisputed Fact section of its Order of August 14, 2015 [Doc. 272].

Immunity." Subpart V,A has many further subparts whose numbering is sometimes difficult to follow, but reviewed as a whole, Defendants requested qualified immunity as to Counts I-V and VII, and did not request summary judgment on any other issue.

As to Counts IV & VII, Defendants are clearly not entitled to qualified immunity. The doctrine of qualified immunity does not apply to Count IV and Count VII because those counts raise state law claims and qualified immunity does not apply to state law claims or to the state defense of official immunity.

As to Count V, the conspiracy claim, the Eighth Circuit has ruled that qualified immunity was not properly raised by the following statement:

> Ferguson failed to present sufficient evidence to show he was deprived of a constitutional right or that [the detectives] reached an agreement to deprive him of his constitutional rights.

The Court assumes that Defendants did preserve their qualified immunity argument that there cannot be a conspiracy claim if Ferguson's constitutional rights were not violated. Because the Court finds below that Counts II and III survive Defendants' motion for summary judgment on qualified immunity, Defendants are not entitled to qualified immunity on Count V either.

Counts II and III present a more nuanced question. As explained in *Johnson v. Jones,* 515 U.S. 304 (1995), "[a] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial." *Id.* at 319-320. This is because the purpose of qualified immunity is to short circuit the

3

litigation process at an early stage so that public entities are not subject to the costs of unnecessary litigation. *Id.* at 315-317; *see also Bartlett v. Fisher*, 972 F.2d 911, 914 (8th Cir. 1992). "Even if a defendant frames an issue in terms of qualified immunity, [the court] should determine whether he is simply arguing that the plaintiff offered insufficient evidence to create a material issue of fact." *White v. McKinley*, 519 F.3d 806, 813 (8th Cir. 2008) (citing *Thomas v. Talley,* 251 F.3d 743, 747 (8th Cir. 2001)).

Thus, if a plaintiff has not presented a viable constitutional claim, qualified immunity is appropriate. Alternatively, if a defendant public official is not on notice that their actions constituted a violation of the Constitution, qualified immunity is appropriate. But generally, a defendant cannot use qualified immunity to obtain a review of the sufficiency of the evidence to prove a constitutional violation. However, in some cases a court must make a judgment call as to whether a Defendant is just testing the quantum and quality of facts necessary to prove a constitutional claim, or is presenting a legal issue of qualified immunity so intertwined with the facts that they cannot be entirely separated. Given the purpose of qualified immunity and the limitations imposed in *Johnson*, this judgment call requires a court to consider how much of the record must be reviewed to resolve the qualified immunity issue before it.

### A. Count II – Substantive Due Process – Fabricated Evidence

As to Count II, the parameters of the qualified immunity analysis are rendered more difficult because of the "kitchen sink" arguments being raised by Defendants. Taken as a whole, however, Defendants seek qualified immunity as to Count II on the limited question of whether there is a constitutional violation if Ferguson shows that

4

Defendants fabricated evidence during their investigation and questioning of Erickson, the Defendants knew that the evidence was fabricated or unreliable, and the Defendants used that evidence through Erickson to convict Ferguson. Defendants argue that Ferguson cannot prove a constitutional violation of his rights under these circumstances and even if he can, Defendants were not on notice that Ferguson could bring such a claim.

Under the Fourteenth Amendment, the guarantee of substantive due process "'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Moran v. Clark*, 296 F.3d 638, 643 (8th Cir. 2002) (quoting *Weiler v. Purkett*, 137 F.3d 1047, 1051) (8th Cir. 1998) (en banc)). This protection "prohibits conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, or is offensive to human dignity." *Id.* (quotations omitted). "[W]hen a person is damaged by outrageous police misconduct but the resulting injury does not neatly fit within a specific constitutional remedy, the injured party may, depending upon the circumstances, pursue a substantive due process claim under section 1983." *Id.* at 646.

A public official who deliberately fabricates evidence and uses it to frame a criminal defendant violates the Constitution. However, "a manufactured false evidence claim requires proof that investigators deliberately fabricated evidence in order to frame a criminal defendant." *Winslow v. Smith*, 696 F.3d 716, 732 (8th Cir. 2012).

Defendants claim that Ferguson has failed to prove a fabrication claim because Ferguson admits that the alleged fabricated evidence was not used to obtain his

5

conviction. Defendants support this argument by citing paragraph 185 of the Complaint, which states, "The prosecution's case was based entirely on the fact that Erickson took a plea for 25 years to testify against Ryan, and the identification of Ryan made by Jerry Trump." Nowhere in this or the surrounding paragraphs does Ferguson admit that fabricated evidence was not used to obtain his conviction. Rather, it is clear from the pleadings and Ferguson's opposition to Defendants' Motion for Summary Judgement [Doc. 234] that Ferguson is arguing that the Defendants knowingly used false or unreliable evidence against Ferguson at his trial, primarily through Erickson's testimony.

Defendants also argue that Ferguson has not stated a claim for a constitutional violation because Erickson's confession was never introduced into evidence against Ferguson. Rather Erickson directly testified at trial against Ferguson. Defendants therefore argue that if anyone was injured, it was Erickson and not Ferguson. As a result, Defendants contend that Ferguson has no standing to raise his claim, and any claim he may have is barred by the Rooker-Feldman doctrine, *Heck v. Humphrey*, res judicata and collateral estoppel.

While Defendants cite to *Wilson v. Lawrence County*, 260 F.3d 946 (8th Cir. 2001) to support their argument, that case actually supports the validity of Ferguson's claim:

> Appellants argue that this claim is not cognizable because it is an attempt by Wilson to assert the constitutional rights of a third party.[] The district court correctly noted that this claim is not an attempt by Wilson to assert Wall's rights, but rather a claim that the appellants knowingly used false or unreliable evidence (the coerced statement from Wall) against Wilson at his criminal proceedings. If officers use false evidence, including false testimony, to secure a conviction, the defendant's due process is violated.

*Id.* at 954.

6

Defendants contend that *Wilson* is distinguishable because Erickson's confession was not used in Ferguson's criminal proceedings, so Ferguson is asserting Erickson's rights in claiming that the confession was coerced. But Ferguson is not challenging Erickson's confession. Ferguson is alleging that the Defendants induced Erickson to testify against Ferguson using falsified or unreliable information, knowing that the evidence was unreliable. The Court therefore rejects the Defendants' arguments as to standing, *Heck v. Humphrey*, the Rooker-Feldman doctrine, collateral estoppel and res judicata.

Defendants also seem to contest the sufficiency of the evidence to show causation because Erickson, not the Defendants, injured Ferguson. They argue that even if the Defendants induced Erickson to fabricate evidence to obtain his confession, Erickson thereafter had ample opportunity to determine for himself what the truth was. Effectively, Defendants are claiming that Erickson was the superseding cause of the false or unreliable evidence being used against Ferguson and therefore Defendants cannot be held responsible. But Ferguson has alleged and presented some evidence that Defendants intentionally caused Erickson to fabricate false and unreliable evidence, and under these circumstances, a reasonable juror could conclude that it was foreseeable that the unreliable evidence would be used against Ferguson. *See* Rest.3d Torts § 34 (discussing intervening acts and superseding causes); *cf. James v. Chavez*, 511 Fed.Appx. 742, 749 (10th Cir. 2013) (finding superseding cause that broke the chain of causation); *see also Whitlock v. Brueggeman*, 682 F.3d 567, 583-86 (7th Cir. 2012) (discussing superseding causation within context of a fabrication of evidence claim) ("A superseding cause is

7

something culpable that intervenes, some action of a third party that makes the plaintiff's injury an unforeseeable consequence of the defendant's negligence.") (internal quotations removed).

Thus, the Court finds as a matter of law that Ferguson has stated a viable constitutional claim based on the Defendants' use of Erickson's testimony to convict Ferguson, knowing his testimony contained unreliable or fabricated evidence. Of course, a jury may reject this claim. The jury might find the evidence is not false or unreliable, or that the Defendants did not know it was false or that the Defendants did nothing to induce Erickson to give unreliable evidence against Ferguson. But that does not mean that Ferguson does not have a viable constitutional claim. As alleged, Ferguson has shown how he has been harmed by the Defendants and why it shocks the conscience.

To go beyond this analysis and review the record in more detail runs the risk of exceeding the parameters of qualified immunity – the only issue in front of the Court. Given the complicated record and the many years this matter has been under investigation, trying to resolve what evidence is disputed and whether a reasonable jury could find falsity, knowledge, and foreseeability from evidence that is largely contested would undermine the rule in *Johnson*. Nonetheless, out of an abundance of caution, the Court incorporates by reference its opinion of August 14, 2015, pages 36 – 54 [Doc. 272] to explain some of the reasons why summary judgment on the sufficiency of evidence should also be denied.

Finally, Defendants argue that even if Ferguson has stated a viable constitutional claim, Defendants were not on notice that their actions would violate the constitution and

8

they should therefore receive summary judgment on the second prong of qualified immunity. Clearly, Defendants were on notice that it would be a constitutional violation to knowingly use fabricated evidence or unreliable evidence to convict a criminal defendant. But Defendants contend that they also had to know that falsifying evidence through one defendant to use against another defendant was unconstitutional. Qualified immunity, however, is intended to protect officers who do not know that they are doing something wrong. It is not intended to protect them if they knowingly do something wrong. Furthermore, to prove his fabrication claim, Ferguson must show that Defendants could foresee that their actions would injure Ferguson. It would be illogical to place that burden on Ferguson and then excuse the Defendants' actions because they didn't know the Court would find them responsible for their unconstitutional conduct under recognized common law standards.

For the foregoing reasons, the Court denies the Defendants' qualified immunity Motion for Summary Judgment on Count II.[2]

### B. Substantive Due Process – Reckless Investigation

In order to succeed on a constitutional claim based on a reckless investigation, the plaintiff must be able to show that the officer's "failure to investigate was intentional or reckless," and was shocking to the conscience. *Cooper v. Martin*, 634 F.3d 477, 481 (8th

---

[2] Defendants also make a novel argument that qualified immunity should be granted as to individual evidentiary elements of Ferguson's claim. The Court does not understand how qualified immunity would be logically applied to evidence as opposed to claims as requested by the Defendants and therefore rejects the argument. This is particularly so because a multi-factor test is applicable here, and no one factor standing alone would likely defeat or prove a constitutional claim.

9

Cir. 2011). Evidence that is shocking to the conscience includes "(1) evidence that the state actor attempted to coerce or threaten the defendant, (2) evidence that investigators purposefully ignored evidence suggesting the defendant's innocence, [and] (3) evidence of systematic pressure to implicate the defendant in the face of contrary evidence." *Akins v. Epperly*, 588 F.3d 1178, 1184 (8th Cir. 2009). "Mere negligent failure to investigate does not violate substantive due process. Likewise, allegations of gross negligence do not give rise to a constitutional violation." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (citations omitted). An officer's failure to follow up on additional leads would not in and of itself constitute a substantive due process violation. *See id.*

Defendants again argue that Ferguson cannot show he was injured by a constitutional violation of Erickson's rights. But as discussed above, Ferguson is alleging how he was harmed by the Defendants' investigation; he is not attempting to litigate any constitutional claim that Erickson has. For the same reasons stated in Count II above, Defendants are not entitled to qualified immunity because some of Ferguson's evidence involves actions taken by the Defendants against Erickson.

Again, the Court declines to elaborate in detail on whether there is sufficient evidence of material, undisputed issues of fact to support the reckless investigation claim, an inquiry it finds to be unneeded to resolve the qualified immunity issue presented by Defendants.[3] However, the Court's original order listed the following evidence that

---

[3] The Court has not identified any place in the Defendants' extensive briefing on Count II or Count III where they argue that summary judgment on qualified immunity is appropriate even if all of the evidence submitted by Ferguson is true and then explain succinctly how Plaintiff's version of the evidence fails to state a claim. This is an

10

supports Ferguson's reckless investigation claim: the officers' coaching of Erickson, Mallory, Arthur, and Walker, as well as their indoctrination of Erickson, statement to Erickson that he was on the "chopping block," decision to pursue prosecuting Ferguson and Erickson for the Heitholt murder despite their fingerprints not appearing at the scene, and decision to continue the prosecution despite Ferguson and Erickson bearing no physical resemblance to the individuals described by Ornt and Trump.  Ferguson also argues that Defendants' failure to consider Boyd as a suspect was reckless, as he was the last person known to be with Heitholt, he had recently had an argument with Heitholt, and he gave inconsistent statements to the police.

In addition, because the Court has denied qualified immunity on Ferguson's fabrication claim, there is some "evidence of systematic pressure to implicate the defendant in the face of contrary evidence." *Akins v. Epperly*, 588 F.3d 1178, 1184 (8th Cir. 2009).  The remainder of the facts alleged to constitute evidence of a reckless investigation, while likely insufficient independently to constitute evidence of recklessness, supports Ferguson's reckless investigation claim in combination with the fabrication evidence.

### III. Conclusion

For the reasons set forth above, Defendants' Motion for Summary Judgment on the issue of qualified immunity is denied on Counts II, III, IV, V, and VII.

---

additional reason why the Court believes that it cannot effectively parse through the extensive record to find any missing piece at this stage of the litigation.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 17, 2017
Jefferson City, Missouri